UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-D-16 (OES)

UNITED STATES OF AMERICA, ex rel JACK J. GRYNBERG,

Plaintiff,

v.

PRAXAIR, INC. and NIELSON & ASSOCIATES, INC.,

Defendants.

_____

**ORDER**
_____

I.   INTRODUCTION

THIS MATTER comes before the Court on a hearing on Defendant Praxair, Inc.'s Motion to Recover Attorneys' Fees and Expenses, filed March 30, 2005. A hearing was held on July 7, 2005. For the reasons stated on the record at the hearing and in this Order, it is ORDERED that Defendant Praxair's Motion to Recover Attorneys' Fees and Expenses filed March 30, 2005, is **DENIED**.

II.   BACKGROUND

This is a False Claims Act case. Plaintiff Grynberg commenced this action on January 7, 1998, as a qui tam relator alleging that Defendants Praxair, Inc. and Nielson Associates, Inc. were liable under the so-called "reverse false claim" provision at 31 U.S.C. § 3729(a)(7), for having made or caused to be made false records or statements for the purpose of decreasing royalty payments due under certain Federal leases. In his Complaint, Grynberg alleged that Praxair and Nielson "knowingly . . . underreported, or

caused others to underreport the value of the natural $CO_2$ gas produced from" various Federal leases in the McCallum field in Northern Colorado.

After both Defendants filed Motions to Dismiss, which were denied by this Court, the parties engaged in lengthy discovery. Thereafter, on March 2, 2001, the Court heard oral argument on summary judgment motions filed by both Praxair and Nielson. On March 28, 2001, this Court granted summary judgment in favor of Defendants and held that (1) Grynberg's allegations could not be treated as "knowingly false" statements because they all related to conduct or concerns that the government had known about and approved and (2) the FCA's jurisdictional requirement that no court has jurisdiction over a private qui tam lawsuit based on the public disclosure of allegations of wrongdoing unless the relator is an "original source" of the information precluded assertion of jurisdiction over Grynberg's suit. *United States ex rel. Grynberg v. Praxair, Inc.*, 207 F.Supp.2d 1163 (D. Colo. 2001). In addition, this Court concluded that Grynberg's claims against Praxair must be rejected because he had not shown that Praxair made any false statements. *Grynberg*, 207 F.Supp.2d at 1186. With respect to Praxair this Court further found:

> Given that (i) the challenged royalty practices were approved both before and after these representations, (ii) the government knew the extent of venting based on knowledge of both wellhead and tailgate volumes and (iii) the government approved the venting and royalty practices even after learning that ice plant vapors were not being recycled, there is no basis for any inference that these LCC and Praxair statements were made for the purpose of reducing royalty obligations. Moreover, Grynberg argues that wellhead volumes and an alternative $CO_2$ market value should have been used to calculate royalties. The wellhead measurements and the decision of what value to use when

> calculating royalties were always controlled by Conoco and Nielson. Praxair was thus totally irrelevant to the royalty underpayments that Grynberg alleges.

*Id.* at 1186.

Following entry of summary judgment in favor of Defendants, Praxair filed a request for attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4), asserting that Grynberg's persistence in this lawsuit was clearly frivolous after it became apparent Praxair had no responsibility or involvement with Conoco's or Nielson's royalty payments.  This Court denied Praxair's request, stating that "While the claims in this case were properly dismissed on summary judgment, review of the record in this case leaves me unable to find that Realtor's Complaint was clearly frivolous, clearly vexatious, or brought primarily for the purpose of harassment."

Grynberg appealed this Court's grant of summary judgment and Praxair cross-appealed this Court's denial of its request for attorneys' fees and expenses.  The Tenth Circuit Court of Appeals affirmed the grant of summary judgment based on lack of subject matter jurisdiction after concluding that Grynberg's complaint was based on a publicly disclosed transaction and his discovery and investigation were insufficient to qualify him as an original source.  *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1049-55 (10th Cir. 2004).  However, the Tenth Circuit reversed this Court's decision to deny Praxair's request for attorneys' fees and expenses and remanded for further proceedings.  *Grynberg*, 389 F.3d at 1058-59.  In its opinion, the Tenth Circuit stated that although the standard for awarding attorneys' fees pursuant to § 3730(d)(4) is a difficult standard to meet, the Court required "an articulation of the district court's

rationale" for denying fees, and remanded for further discussion and findings. *Grynberg*, 389 F.3d at 1059.

### III.     ANALYSIS OF PENDING MOTIONS

Following remand, on March 30, 2005, Praxair filed a second Motion to Recover Attorneys' Fees and Expenses asserting that "[f]rom the outset, this action by Jack J. Grynberg ("Grynberg") has been 'clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment," because Grynberg knew, even before filing suit, that Defendant Nielson was the party responsible for measuring gas volume and calculating royalty payments, and this knowledge was "repeatedly ratified during discovery and pretrial proceedings." In response, Grynberg contends that his prefiling investigation led him to reasonably believe that Praxair caused Nielson to calculate and pay royalties incorrectly, and that it was not until this Court entered summary judgment that "the factual and legal issues of whether Praxair had assisted in a false filing were resolved."

31 U.S.C. § 3730(d)(4) provides as follows:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

The applicable standard for determining whether a plaintiff should be ordered to pay a defendant's attorney fees is found in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). *Grynberg*, 389 F.3d at 1058. Under this standard:

> [t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff

> may ultimately lose his case is not in itself a sufficient
> justification for the assessment of fees . . . . [A] plaintiff
> should not be assessed his opponent's attorney's fees
> unless a court finds that his claim was frivolous,
> unreasonable, or groundless, or that the plaintiff has
> continued to litigate after it clearly became so . . . .
>
> [T]he term 'vexatious' in no way implies that the plaintiff's
> subjective bad faith is a necessary prerequisite to a fee
> award against him . . . . [A] district court may in its discretion
> award attorney's fees to a prevailing defendant . . . upon a
> finding that the plaintiff's action was frivolous, unreasonable,
> or without foundation, even though not brought in subjective
> bad faith.

*Grynberg*, 389 F.3d 1058 (quoting *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000); *Christiansburg*, 434 U.S. at 421).  As the Tenth Circuit noted, this is "'a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.'"  *Grynberg*, 389 F.3d at 1059 (quoting *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000)).

As an initial matter, the Court finds that there is nothing in the record to suggest that Plaintiff brought this case primarily for purposes of harassment.  Therefore, the question that remains is whether the action was brought in a way that was clearly vexatious or clearly frivolous.  Grynberg's overall theory of the case derived from his belief that royalties should have been paid using wellhead volumes (gross proceeds), rather than tailgate volumes (net proceeds after processing).  As this Court found in its Order granting summary judgment, Praxair had no royalty obligations to the Government, all royalty reports and payments were prepared and submitted by Conoco and Nielson, and Praxair's only role was to provide tailgate volume measurements, oxygen use volumes, and sales price data pursuant to its Agreement with Nielson.

However, Grynberg's claim against Praxair was not based on allegations that Praxair, itself, filed false reports with the United States, but rather that Praxair "caused" the false filings because Nielson and Praxair acted in concert and "systematically understated the volume and the value of the natural $CO_2$ gas produced from the McCallum Field." *See United States v. Krizek*, 111 F.3d 934, 942 (D.C.Cir. 1997)("[A] person need not be the one who actually submitted the claim forms in order to be liable."). Grynberg contends that he based his belief that Praxair was providing inaccurate price information to Nielson on his knowledge of $CO_2$ market rates, his FOIA request which stated that the government required that all excess $CO_2$ be recycled (and not vented), as well as information that Praxair was paying Nielson "roughly 10% of the price quote Grynberg received from Praxair." Thus, I find that at the time he filed this action, Grynberg had sufficient facts in his possession to state a claim against Praxair that was neither groundless or without foundation.

At the Summary Judgment phase, Grynberg continued to assert that royalties should have been paid on the basis of wellhead volumes, and further claimed that the government approved payment based on tailgate information only because of various misrepresentations by Defendants, including Praxair's "statement that $CO_2$ vapor from the dry ice plan would be captured and recycled and [ ] statements regarding the extent of $CO_2$ gas that would not be included in royalty calculations as a consequence of tailgate measurement." *Grynberg*, 207 F.Supp.2d at 1175, ¶ 50. In deciding the Motion for Summary Judgment, the Court clearly disagreed with the arguments made by Grynberg and found no basis for his assertion that Praxair's statements "were made for

the purpose of reducing royalty obligations." *Grynberg*, 207 F.Supp.2d at 1186. However, simply because the Court ultimately concluded that Grynberg could not show material facts in dispute, Grynberg had at least a reasonable basis to believe that he could pursue his claim against Praxair and his arguments at the summary judgment phase were not wholly without merit. Accordingly, I cannot find, based on the record before me that Grynberg's claims were clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment. In light of my conclusion, I need not consider whether the requested attorneys' fees and expenses are reasonable.

IV.   CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that Defendant Praxair's Motion to Recover Attorneys' Fees and Expenses filed March 30, 2005, is **DENIED**. Plaintiff Jack J. Grynberg's Motion for Court to Take Judicial Notice or, Alternatively, for Leave to File Supplemental Information and his Motion to Strike Declaration of Harvey Belkin, filed June 29, 2005, and June 30, 2005, respectively, are **DENIED AS MOOT**.

Dated:   July 13, 2005.


                                BY THE COURT:

                                s/ Wiley Y. Daniel
                                Wiley Y. Daniel
                                U. S. District Judge